

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 20 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BOB AHMADI, a.k.a. BOB KENNEDY, §
§
Petitioner, §
§
v. § No. 4:14-CV-901-A
§
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bob Ahmadi, a.k.a. Bob Kennedy, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

In 2010 petitioner was indicted in Tarrant County, Texas,

---

[1]Lorie Davis has replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

for the offense of sexual assault. (State Habeas R. 54, ECF No. 12-16.) The indictment was later amended to include the offense of burglary of a habitation with intent to commit, attempt to commit or actual commission of assault. (*Id.* at 205.) The indictment also included a repeat-offender notice, alleging a 1992 Cooke County conviction for arson. (*Id.*) Petitioner received a life sentence for the arson offense and was on parole when he committed the instant offense. (*Id.* at 80, ECF No. 12-17.) On February 2, 2012, petitioner was found to be mentally incompetent to stand trial and committed to "DSHS State Hospital" for treatment. (*Id.* at 107, ECF No. 12-17.) Petitioner was reevaluated on July 30, 2012, and, on October 15, 2012, the trial court found petitioner had restored his mental competency. (*Id.* at 117, 122, ECF Nos. 12-17 & 12-18.) On the same date, pursuant to a plea agreement, petitioner pleaded guilty to the burglary count and was sentenced to five years' confinement. (*Id.* at 206-14, ECF Nos. 12-20 & 12-21.) Petitioner did not appeal his conviction but did file a state habeas application, raising one or more of the claims presented in this federal petition, which was denied without written order on the findings of the trial court. (Action Taken, ECF No. 12-11.)

## II.   Issues

Petitioner purports to bring twenty-one grounds for relief. His claims are multifarious and addressed as thoroughly as practicable based on the following general categories:

    (1)   He was mentally incompetent to stand trial (grounds 17 and 18);

    (2)   He received ineffective assistance of trial counsel rendering his plea involuntary (grounds 2, 5, 6, 10, 11, 13, 15, 19, 20 and 21);

    (3)   He is actually innocent based on newly discovered evidence and there is no evidence or insufficient evidence to support his guilty plea and conviction under article 1.15 of the Texas Code of Criminal Procedure (grounds 3, 4, 8, 9, 14, and 16); and

    (4)   His remaining claims (grounds 1, 7 and 12).

(Pet. 6, ECF No. 1 & 1, 14, 22, 25-27, ECF No. 1-1.[2])

## III.   Rule 5 Statement

Respondent does not believe that the petition is barred by limitations or subject to the successive-petition bar. (Resp't's Answer 6, ECF No. 18) 28 U.S.C. §§ 2244(b), (d) & 2254(b)(1). She does however assert that one or more of petitioner's claims are unexhausted and procedurally barred. (*Id.* at 6-10.)

---

[2]The pagination in the ECF header is used.

## IV.  Discussion

### A.  Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S.

4

362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[3]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

**B. Mental Competency**

Petitioner claims he was mentally incompetent to enter his guilty plea. (Pet. 7, ECF No. 1-1.) Petitioner raised this claim in his state habeas application, and the state habeas judge, who presided over petitioner's trial proceedings, entered the following factual findings on the issue:

1.  On June 20, 2010, the trial court ordered Dr. Barry Norman to examine the applicant to determine his competency to stand trial.

2.  On February 2, 2012, the trial court entered a judgment of mental incompetency, and order[ed] the

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

applicant committed for observation and treatment.

3.   On August 2, 2012, Dr. Lucas Shaw and Dr. Melissa
     Riggs issued a report finding that the applicant
     was competent to stand trial.

4.   On October 15, 2012, the trial court entered a
     judgment of mental competency.

5.   The trial court fully and properly considered the
     applicant's competence to stand trial.

(State Habeas R. 197, ECF No. 12-20 (citations to the record

omitted.)

Based on its findings, and applying state case and statutory

law, the habeas court entered the following legal conclusions:

1.   A defendant's competence is presumed.

2.   A defendant bears the burden of proving
     incompetence by a preponderance of the evidence.

3.   The test for legal competence is whether the
     accused has labored under some mental, behavioral,
     or psychological impairment.

4.   The trial court fully and properly considered the
     applicant's competence to stand trial.

5.   The applicant was properly found competent to
     stand trial.

(*Id.* at 198 (citations omitted).)

The state courts' adjudication of the issue comports with

federal law on the issue. The conviction of a mentally

incompetent defendant violates constitutional due process. *Pate*

6

*v. Robinson,* 383 U.S. 375, 378 (1966); *Mata v. Johnson,* 210 F.3d 324, 329 (5th Cir. 2000). The standard for competency to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *Bouchillon v. Collins,* 907 F.2d 589, 592 (5th Cir. 1990). A court must sua sponte conduct an inquiry into a defendant's mental capacity if the evidence raises a bona fide doubt as to the defendant's competency at that time. *Drope v. Missouri,* 420 U.S. 162, 180 (1975). In determining whether there is a "bona fide doubt" as to the defendant's competence, the court considers: (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency. *Drope*, 420 U.S. at 180. The test is an objective one. *Pedrero v. Wainright*, 590 F.2d 1383, 1388 (5th Cir. 1979). If the trial court receives evidence, viewed objectively, that should have raised a reasonable doubt as to competency, yet failed to make further inquiry, the defendant has been denied a fair trial. *Id.* In a federal habeas corpus proceeding stemming from a state court conviction, deference must be given to a state court's decision on the need for a competency

7

hearing. *Dowthitt v. Johnson*, 230 F.3d 733, 745 (5th Cir. 2000);
*United States v. Williams,* 819 F.2d 605, 607 (5th Cir. 1987). The
burden is on the petitioner to prove by a preponderance of the
evidence that he was incompetent. *Bouchillon,* 907 F.2d at 592.

Petitioner fails to meet this burden. He presents nothing
that would undermine the presumption of correctness to which the
state courts' findings are entitled. Petitioner's conclusory
allegations that he was not aware of the nature of the charge
against him and that he was mentally incompetent or under the
influence of "involuntary medication" rendering him incompetent
are insufficient to entitle him to habeas relief. (Pet'r's Rebut
13, ECF No. 19.) *United States v. Woods,* 870 F.2d 285, 288 (5th
Cir. 1989). In fact, the record and reliable evidence tend to
refute his claim. Petitioner was fully admonished and
acknowledged in the written plea admonishments that he was
mentally competent, that he fully understood the written plea
admonishments, and that he was aware of the consequences of his
plea. (State Habeas R. 210, ECF No. 12-21.) His plea was with
counsel's consent and belief that petitioner was competent at the
time of the plea. (*Id.* at 211.) Additionally, the trial court
accepted petitioner's plea having observed his demeanor at the
time of the plea. (*Id.* at 213.) Drs. Shaw's and Riggs's opinions

8

further negate petitioner's claim that he was mentally incompetent or that he was under the influence of medication that rendered him incompetent to enter his plea. Petitioner presents no evidence, viewed objectively, that should have raised a reasonable doubt as to his competency at the time of his plea. There is nothing whatsoever in the record indicating that he was incapable of consulting with trial counsel or did not understand the proceedings at the time of his plea. Based on petitioner's and his trial counsel's averments in open court and petitioner's demeanor at the time of his plea, there were no red flags suggesting petitioner was incompetent at that time. Petitioner has failed to demonstrate objective facts known to counsel or the trial court which would have signaled a bona fide doubt as to his competency when he entered his plea. The allegations made by petitioner after the fact are conclusory and do not overcome the presumption that he was competent to stand trial when he entered his plea. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner also asserts that the mental evaluation is "totally devoid" because the evaluation was issued after the

9

deadline, Dr. Shaw was not working at the facility "on June 2012," and he did not see or talk to Dr. Riggs. As a result, petitioner urges that they could not have evaluated him and the trial court could not "fully and properly without jury considered the applicant's competence to stand trial, or accepp [sic] the applicant involuntary plea." (Pet., Insert, 27, ECF No. 1-1.) This claim is conclusory as well and has no probative evidentiary value.

## C. Ineffective Assistance of Counsel and Voluntariness of Guilty Plea

Petitioner's claims of ineffective assistance of counsel, numbered as designated in the petition, are largely incoherent and multifarious. Nevertheless, they are construed as follows. Counsel was ineffective by-

(2)  failing to request the records of petitioner's leg-monitor transmitter to "build a day and a timeline" proving the complainant made false statements, to investigate petitioner's cell phone records, and to investigate the complainant's cell phone and debit card records;

(5)  failing to "force Applicant's speedy trial motion";

(6)  entering into plea negotiations even though counsel knew the evidence against petitioner was too weak for a reasonable jury to convict him;

(10) failing to independently investigate the case;

(11) falsely telling petitioner that the state would drop his misdemeanor "Trespass Burglary" charge if petitioner pleaded

10

guilty;

(13) failing to question the voluntariness of petitioner's statement;

(15) failing to file a motion to stop the mental hospital's involuntary medication of petitioner and injurious techniques or a motion to have petitioner transferred to another hospital;

(19) failing to file a notice of appeal or a motion for jury trial or new trial and to research the legal issues in petitioner's case;

(20) failing to have a firm grasp of the law and to independently investigate the fact that petitioner had some of his belongings at the residence; and

(21) failing to obtain the police reports made by petitioner and/or his girlfriend or ex-girlfriend and to raise a double jeopardy challenge.

(Pet. 6, 25-27, ECF No. 1.)

As a preliminary matter, Respondent asserts that grounds (2), (6), (10), (13), and (15) are unexhausted and procedurally barred from this court's review. (Resp't's Answer 7-10, ECF No. 18.) Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings.

11

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens*, 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may typically satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas post-conviction proceeding. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

A review of the state habeas record reveals that petitioner raised his ineffective assistance claims, albeit tangentially as to one or more of the claims, except for ground (15). Thus, (15) raised for the first time in this federal petition is unexhausted for purposes § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court

12

for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000); *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's ground (15) is unexhausted and procedurally barred from this court's review.

As to petitioner's remaining grounds, a criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate

13

assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011) (quoting *Strickland,* 466 U.S. at 690).

However, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith,* 711 F.2d at 682; *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995).

Under grounds (11) and (13), petitioner claims trial counsel, George Mackey, failed to question the voluntariness of his plea and made false statements to petitioner to induce his plea. In an affidavit filed in the state habeas proceedings, counsel responded to petitioner's allegations in relevant part as follows:

> Counsel did not manipulate Applicant into a plea;

14

Applicant voluntarily wanted to take the plea; Counsel
did not mislead Applicant into entering a plea which he
did not understand; Counsel did not threaten Applicant
that the State would file more serious charges
(including federal charges) if he did not accept the
State's plea offer; . . . the Applicant's guilty plea
was voluntarily entered since he wanted to plea guilty
and receive the plea bargain; Counsel states that no
force, physical force, or medication was used to
threaten Applicant to say or sign the plea of guilty;
Counsel never told Applicant that he must plea guilty;
Counsel nor his staff never used force or abuse to
force Applicant to plea guilty; Applicant signed all
plea papers . . . freely and voluntarily in Counsel's
opinion.

(State Habeas R. 160-61, ECF No. 12-19.)

Although there is no reporter's record of the plea

proceedings in this case, the state habeas judge, who also

presided over the trial court proceedings, entered the following

relevant findings based on counsel's affidavit, the documentary

record, and his own recollection of the proceedings:

18.   Mr. Mackey explained the applicant's legal options
      to him before he made the decision to accept the
      plea bargain agreement.

19.   Mr. Mackey did not threaten, mislead, manipulate
      or coerce the applicant into entering his guilty
      plea.

20.   The applicant freely and voluntarily accepted the
      State's plea bargain offer.

21.   Prior to accepting the applicant's guilty plea,
      the trial court fully admonished him regarding the
      waiver of his rights and the consequences of that
      plea.

15

22. The trial court's written plea admonishments
    tracked the statutory requirements for accepting a
    plea that is freely and voluntarily entered.

23. The applicant signed that he had read and
    understood the written plea admonishments given to
    him by the Court.

24. The applicant signed that he was aware of the
    consequences of his guilty plea.

25. The applicant signed that he was satisfied with
    the representation of his attorney, and that his
    attorney had provided fully effective and
    competent representation.

26. The applicant waived all rights given to him under
    law, including his right to the appearance,
    confrontation and cross-examination of witnesses,
    and consented to oral and written stipulations of
    evidence.

27. Mr. Mackey reviewed the plea paperwork with the
    applicant, including the court admonishments and
    waiver of rights, before he entered his guilty
    plea.

28. The applicant signed and entered a judicial
    confession admitting all the allegations alleged
    in the indictment.

29. The applicant's guilty plea was freely, knowingly
    and voluntarily entered.

        .  .  .

33. The applicant presents no evidence suggesting that
    he would have rationally proceeded to trial or
    that the outcome of his prosecution would have
    been different with counsel other than Mr. Mackey.

34. There exists no reasonable probability that the

16

applicant would have rationally proceeded to trial
or that the outcome of his prosecution would have
been different with counsel other than Mr. Mackey.

35.   The applicant was not denied effective assistance
of counsel.

(*Id.* at 192-94 (citations to the record omitted).)

Based on its findings, the state court concluded that

counsel fully explained petitioner's legal options before

petitioner accepted the plea agreement and that petitioner's

guilty plea was freely and voluntarily entered and based on

proper and adequate advice of counsel. (*Id.* at 196.) The state

court's adjudication of the claims is not contrary to, or involve

an unreasonable application of, *Strickland*, or other relevant

Supreme Court law.

Petitioner's representations during the plea proceedings

"carry a strong presumption of verity," and the official records,

signed by petitioner, his counsel and the state trial judge are

entitled to a presumption of regularity and are accorded great

evidentiary value. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977);

*Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974). Counsel

took adequate measures to ensure petitioner was competent to

enter his plea and that petitioner was aware of the circumstances

and consequences of his plea. Given petitioner's voluntary and

knowing guilty plea, his grounds (2), (5), (6), (10), (19), to the extent he claims counsel was ineffective by failing to research the legal issues and file a motion for jury trial, (20) and (21), involving alleged acts or omissions by counsel occurring prior to petitioner's plea are waived.

Under ground (19), petitioner contends that counsel was ineffective by failing to file a motion for new trial or a notice of appeal. Counsel averred in his affidavit that he elected not to file a motion for new trial or notice of appeal because petitioner waived his right of appeal as part of the plea agreement. (*Id.* at 161.) The state habeas court entered a finding comporting with counsel's decision and concluded counsel's decision was a matter of reasonable professional judgment. (*Id.* at 194.) A defendant may, as part of a valid plea agreement, waive his statutory right to appeal. *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir. 1992). Petitioner was thoroughly admonished as to his rights and he knowingly and voluntarily waived his right to appeal as a part of the plea bargain agreement, and the trial court expressly certified that he had no right to appeal. (State Habeas R. 211 & 217, ECF No. 12-21.) Given this record, and the presumption of correctness, regularity, and verity that is afforded to guilty plea documents

18

and the representations of a defendant during a guilty plea proceeding, the state courts' adjudication of the claim is not contrary to, or involve an unreasonable application of, *Strickland.*

**(D)   Actual Innocence and Sufficiency of the Evidence**

Petitioner claims he is actually innocent based on newly discovered evidence. (Pet., Insert, 1, ECF No. 1-1.) "Actual innocence" is not an independent ground for habeas corpus relief. *Herrera v. Collins,* 506 U.S. 390, 400 (1993); *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000). The Supreme Court reaffirmed in *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013), that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Until that time, such a claim it not cognizable on federal habeas review.[4]

Petitioner also asserts that there is no evidence or insufficient evidence to support his conviction because the record is "totally devoid" of "evidentiary support so as to

---

[4]The Court is aware that, if proved, actual innocence may overcome a procedural bar. However, petitioner has not made a colorable showing that he is actually innocent in light of credible "new evidence." *McQuiggin,* 133 S. Ct. at 1931-35.

render the conviction . . . unconstitutional and guilty plea

unsupported by the evidence as required by" article 1.15 of the

Texas Rules of Criminal Procedure. (Pet., Insert, 26, ECF No. 1-

1.) To the extent petitioner alleges a violation of article 1.15

of the Texas Code of Criminal Procedure, the claim is not

cognizable on federal habeas review. *Estelle v. McGuire,* 502 U.S.

62, 67-68 (1991). Further, a person who pleads guilty waives the

right to challenge the sufficiency and reliability of the

evidence, because the guilty plea itself stands as evidence

against the petitioner.[5] *Kelley v. Alabama,* 636 F.2d 1082, 1083

(5th Cir. 1981). By entering a voluntary guilty plea, a

petitioner waives his right to demand any constitutionally

sufficient evidence to sustain his conviction. *United States v.*

*Broce,* 488 U.S. 563, 569 (1989).

## F. Remaining Claims

Under ground (1), petitioner claims, in part, that he was

prevented from presenting evidence of his innocence to the court,

the FBI and INS to verify his claims of forced medication,

involuntary restraint, use of excessive force, sexual assault,

---

[5]Respondent contends that one or more of petitioner's sufficiency-of-the-evidence claims are unexhausted and procedurally barred. (Resp't's Answer 7-10, ECF No. 18.) The claims are untenable even were they not procedurally defaulted.

etc. (Pet. 6, ECF No. 1.) Under ground (7), petitioner raises a Fourth Amendment claim. (Pet., Insert, 25, ECF No. 1-1.) And, finally, under ground (12), petitioner claims the police and sheriff's departments, nurses, doctors and "some officials and few parole officer[s]" threatened or tried to kill him to extract an involuntary confession from him. (*Id.* at 25.) Respondent contends these claims are unexhausted and procedurally barred from this court's review. (Resp't's Answer 7-10, ECF No. 18.)

As noted above, petitioners seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher*, 169 F.3d at 302. The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed*, 739 F.3d at 780.

A review of the state habeas record reveals that petitioner raised these claims for the first time in this federal petition. Therefore, the claims are unexhausted for purposes § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate

state procedural bar to federal habeas review. *Smith*, 216 F.3d at 523-24; *Nobles,* 127 F.3d at 423. Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, grounds (1), in part, (7) and (12) are unexhausted and procedurally barred from this court's review.

For the reasons discussed,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June ___20___, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE